**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

FRANCISCO MARTINEZ-DIAZ,

>     **Plaintiff(s)**

>         v.

JOHN DOE, <u>et. al.</u>

>     **Defendant(s)**

**CIVIL NO.** 07-1373 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

Pending before the Court is co-Defendant Jose Matos Hiraldo's (hereinafter "Defendant") "Motion to Dismiss and/or for Judgment on the Pleadings pursuant to Fed. R. Civ. 12(b)(6) and Rule 37 (b)(2)(B)-Rule 16(f)." (Docket No. 81). For the reasons set forth below the Court **DENIES** Defendants' Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 4, 2008, Plaintiff Francisco Martínez Díaz ("Plaintiff") filed his Second Amended Complaint (the "Complaint") bringing actions for declaratory, compensatory and punitive damages pursuant to 42 U.S.C. § 1983 as well Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 (Puerto Rico's general tort statute). (Docket No. 44). The Complaint alleges that on December 8, 2006, at around 1:00 a.m., Plaintiff was driving his motorcycle in the area of De Diego Avenue in Puerto Nuevo, San Juan. As he was doing so, several unknown officers of the San Juan Municipal Police

Civil 07-1373 (JAG)                                                    2

(the "SJMP") tried to intercept him and, without warning, started firing shots at him. Plaintiff tried to evade the officers, who were chasing him while continuing to fire their guns. After several minutes, Plaintiff came upon a roadblock set up by the officers of the Puerto Rico Police Department (the "PRPD"). When he swerved to avoid the roadblock, the PRPD officers joined their fellow SJMP officers in firing their weapons at Plaintiff. As a result, Plaintiff received multiple gunshot wounds to his lower back, leg and buttocks. His motorcycle also received damage from the bullets. Plaintiff was taken to the hospital where he had to undergo emergency treatment and surgery for the removal of one of the bullets. Hereafter, Plaintiff had to undergo a second surgery for the removal of another bullet. Plaintiff still has one bullet lodged in his back.

Plaintiff alleges violations of his Fourth, Fifth and Fourteenth Amendment rights pursuant to § 1983 as well as gross negligence and deliberate indifference to said rights pursuant to Article 1802. Plaintiff brings an action against Hon. Adalberto Mercado Cuevas in his official and personal capacity as Commissioner of the SJMP, alleging that Mercado was negligent by failing to properly supervise and train several police officers under his supervision. Plaintiff also brings an action for damages against XYZ Insurance Company, alleging that it issued a policy in favor of defendants which covers their alleged acts. In addition,

Civil 07-1373 (JAG)                                                    3

Plaintiff brings an action against several officers of the PRPD and the SJMP in their personal and official capacities, including Pagán, alleging that discharging their weapons and using potentially deadly force against Plaintiff constitutes a violation and reckless disregard of Plaintiff's constitutional rights.

On August 4, 2009, co-Defendant Matos filed the present Motion to Dismiss, claiming Plaintiff's complaint does not meet the standard established in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Further, Matos contends that this Court should impose sanctions on Plaintiff for his alleged failure to comply with discovery requests. (Docket No. 81)

## STANDARD OF REVIEW

The court reviews a motion for judgment on the pleadings pursuant to Fed.R.Civ.P.12(c) under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). The court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). Twombly does not require heightened fact pleading of specifics; however, it does require

Civil 07-1373 (JAG)                                                    4

enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Iqbal, 129 S. Ct. 1937, the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949-50. The First Circuit has recently relied on these two principles as outlined by the Court. See Maldonado v. Fontanes, 568 F.3d 263 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. Determining the existence of plausibility is a "context-specific task" which "requires the court

to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## DISCUSSION

In his Motion to Dismiss, Matos argues that Plaintiff's complaint does not meet pleading requirements, as established under Iqbal. Nevertheless, this Court finds that Plaintiff did in fact provide enough factual allegations in its complaint to give the claim under Section 1983 facial plausibility. In his complaint, Plaintiff states in the complaint that several officers of the San Juan Municipal Police, including Matos, "tried to intercept him and, without warning, started firing shots at him." (Docket No. 44). Furthermore, he goes on to state that "fearing for his life, plaintiff tried to evade the officers, who gave chase after him while continuing to fire their weapons." (Docket No. 44). Moreover, he avers that "after several minutes being chased by the others who kept shooting at him, he came up upon a roadblock set up by the officers of the SJMP and the Puerto Rico Police Department (PRPD)." Finally, he contends that "when he swerved to avoid them, these PRPD officers joined their fellow SJMP officers and also started to

Civil 07-1373 (JAG)                                                    6

shoot at plaintiff." (Docket No. 44).  Thus, taking Plaintiff's
pleaded facts as true and drawing all inferences in Plaintiff's
favor it leads this Court to conclude that his allegations satisfy
the pleading requirements as set forth in <u>Iqbal</u>. Accordingly, this
Court finds that Matos is not entitled to judgment on the
pleadings.

**CONCLUSION**

For the reasons state above, this Court **DENIES** co-Defendant
Matos' Motion to Dismiss/Judgment on the pleadings. (Docket No.
81).  Further, in relation to Matos' Motion for Sanctions under
Rule 37(b)(2), this Court denies without prejudice said motion, but
nevertheless, orders Plaintiff to comply with the missing answer to
the interrogatories[1] by February 15, 2010.  In the eventuality that
Plaintiff fails to comply with this Order, Defendant may refile the
present motion.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of February, 2010.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge

---

[1] This Court notes that Plaintiff claims he sent the answers
to Defendant, but merely provides a receipt of a delivery service
addressed to Defendant without explanation of what was delivered.